UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSPEH A. HINKLE & JANE E. HINKLE, husband & wife, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAN LaROCHE, DOUGLAS COUNTY SHERIFF, et al.,<br><br>Defendants. | No. CV-07-155-LRS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION,** *INTER ALIA* |

**BEFORE THE COURT** is Plaintiffs' Motion For Reconsideration (Ct. Rec. 56) and Plaintiffs' Motion To Exclude Testimony Of Experts Amy Freedheim and Michael Brasfield (Ct. Rec. 60). These motions are heard without oral argument.

**I. MOTION FOR RECONSIDERATION**

Plaintiffs ask the court to reconsider its August 1, 2008 order (Ct. Rec. 52) excluding testimony from Plaintiffs' expert, D.P. Van Blaricom. This court concluded that Van Blaricom's proposed testimony would not assist the jury in understanding the evidence or determining a fact in issue. Moreover, this court concluded that Van Blaricom offered an impermissible legal conclusion regarding the reason for the termination of Plaintiff Joseph A. Hinkle as a Douglas County

**ORDER DENYING MOTION FOR RECONSIDERATION,** *INTER ALIA* - 1

1  deputy sheriff.

2  " '[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 790); see *Frederick S. Wyle P.C. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985); see also *Keene Corp. v. International Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982) (reconsideration available "to correct manifest errors of law or fact or to present newly discovered evidence"). Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F. Supp. 307, 309 (W.D. Wash. 1987); see *Keene Corp.*, 561 F. Supp. at 665-66.

In conjunction with their motion for reconsideration, Plaintiffs offer a supplemental declaration from Van Blaricom (Ct. Rec. 58) which he says "is more specific than my earlier report, as regards the Hinkle reprimands underlying his ultimate termination on April 27, 2005." This information was available at the time of the court's initial ruling and so it is not a proper basis for reconsideration. In any event, this information does not persuade the court that it "clearly erred" in excluding Van Blaricom's proposed expert testimony. It remains apparent to this court that this testimony has the potential for jurors allowing Van Blaricom to substitute his judgment for theirs regarding the propriety of how the internal investigation was conducted, and whether the findings of that investigation justified Hinkle's termination. In his supplemental declaration, Van Blaricom opines that "[t]he facts underlying the prior Hinkle reprimands, as identified in my initial report, would not, under ordinary circumstances, support a finding of 'sustained'," and "under normal circumstances, the supervising authority faced with allegations that amount to the rendering [of] criminal assistance by one of its

**ORDER DENYING MOTION FOR RECONSIDERATION,** *INTER ALIA* **-    2**

officers, would have immediately referred the investigation to an outside authority." Van Blaricom does not, however, explain what is meant by "ordinary circumstances" or "normal circumstances" and so it is unclear whether he is basing his opinion on an objective police practices standard versus his subjective opinion about the matter. Van Blaricom simply concludes the Douglas County Sheriff's Department did not follow the standard practices of similar departments without explaining what those practices are and the basis for asserting those are indeed "standard" practices. The assertions made by Van Blaricom regarding the internal investigation can potentially be proven through testimony of other witnesses, including examination of Defendant LaRoche and/or other personnel within the Douglas County Sheriff's Department familiar with that department's practice for conducting internal investigations and whether that practice was followed in this particular instance.

Plaintiffs' Motion For Reconsideration (Ct. Rec. 56) is **DENIED**.

## II. MOTION TO EXCLUDE

### A. Michael Brasfield

At the outset, the court notes that Michael Brasfield is offered by Defendants as a "rebuttal" police practices expert. It appears his testimony was intended to rebut the testimony of Plaintiffs' expert, Van Blaricom. Obviously, Van Blaricom will not be testifying at trial and so it would seem there is no longer anything for Brasfield to rebut.

In any event, the court agrees with Plaintiffs that Brasfield's opinions suffer from the same deficiencies the court has identified with respect to Van Blaricom's opinions. Like Van Blaricom, Brasfield does not identify the particular "professional practices and standards" he used in formulating his opinions. The opinions he offers are not dependent upon any specialized knowledge and the jurors can determine for themselves, based upon their own assessment of the facts,

**ORDER DENYING MOTION FOR RECONSIDERATION,** *INTER ALIA* **-    3**

whether, for example, "the utilization of an outside law enforcement agency (the Washington State Patrol), the independent review of the Prosecutor's office, the representation of the defendant by his own Defense Attorney, and an independent Judiciary" indicates the investigation and prosecution of Jeffrey Seal was not done in retaliation for Hinkle running for Douglas County Sheriff. There are also a couple of instances in which Brasfield offers impermissible legal conclusions that the constitutional rights of Seal and Hinkle were not violated (Paragraph 4.13 and 4.14 of Brasfield Report at pp. 8-9).[1] In response to Plaintiffs' assertion that Defendants filed false and malicious charges with the Washington State Criminal Justice Training Commission seeking to remove Hinkle's certification, Brasfield notes that state law requires law enforcement agencies to file a "Notification of hire/termination" with the commission. It is not apparent why expert testimony is necessary in this regard. This is a factual matter as to which Defendant LaRoche or someone employed within his department can testify.

Neither Mr. Brasfield or Mr. Van Blaricom will be allowed to testify at trial. The jury will assess the facts for itself and determine whether the internal affairs investigation conducted by the Douglas County Sheriff's department was adequate and, in turn, whether the results of that investigation justified Hinkle's termination.

**B. Amy Freedheim**

The court's March 28, 2008 "Amended Scheduling Order" required Defendants to provide all Fed. R. Civ. P. 26(a)(2) disclosures to Plaintiffs no later

---

[1] Brasfield opines that actions of certain Defendants "were within the recognized professional requirements and practices of employees of a law enforcement agency," yet he does not identify the source and nature of these requirements.

**ORDER DENYING MOTION FOR RECONSIDERATION,** *INTER ALIA* -    4

than May 28, 2008, and furthermore, required that challenges to expert qualifications and the admissibility of expert testimony were to be filed no later than June 30, 2008.

Defendants acknowledge that Freedheim's "Memorandum," dated July 24, is untimely. For this reason alone, the court will strike that report and not allow Freedheim to testify at trial.[2]

Furthermore, the court fails to see why the testimony of Freedheim is necessary to assist a jury in determining whether Jeffrey Seal was maliciously prosecuted by the Douglas County Prosecutor's Office. Indeed, Freedheim offers no opinion about the propriety of the prosecution. She merely recites what she believes are the facts of the case, recites the Washington prosecution filing standards, and states she found nothing to give her "pause" about the "investigation" into the accident, that the "investigation" was "thorough," and that it would have taken "some time." The Douglas County prosecutors involved in the Seal case can testify about prosecution standards and based on testimony from them elicited on direct and cross-examination, the jurors can conclude for themselves whether the prosecution of Seal was initiated without probable cause and otherwise involved prosecutorial misconduct.[3]

For the reasons set forth above, Plaintiffs' Motion To Exclude Testimony Of Experts Amy Freedheim and Michael Brasfield (Ct. Rec. 60) is **GRANTED**.

//

---

[2] Defendants acknowledge the Brasfield report was delivered to Plaintiffs' counsel on June 10, 2008, beyond the May 28 deadline. They assert, however, that Plaintiffs were not prejudiced since there was still adequate time to challenge Brasfield's report prior to the June 30 deadline for doing so, yet the Plaintiffs delayed doing so until their Motion To Exclude was filed on August 15.

[3] Steven M. Clem, Douglas County Prosecuting Attorney, is a named Defendant in this action.

**ORDER DENYING MOTION FOR RECONSIDERATION,** *INTER ALIA* **-    5**

1  **IT IS SO ORDERED.**  The District Court Executive is directed to file this
2  Order and provide copies to counsel.
3     **DATED** this   10th   day of September, 2008.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

**ORDER DENYING MOTION FOR
RECONSIDERATION,** *INTER ALIA* -    6